IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

---

PIERRE FITZPATRICK, et al., : CASE NO. 1: 010 CV 0085

                     Plaintiffs, :

     -vs-                    : <u>MEMORANDUM OF OPINION AND
ORDER PARTIALLY DISMISSING THE
COMPLAINT, SUA SPONTE, AND
REMANDING THE MATTER TO STATE</u>

CITY OF CLEVELAND, et al., : <u>COURT</u>

                    Defendants. :

---

UNITED STATES DISTRICT JUDGE LESLEY WELLS

      Plaintiffs Pierre Fitzpatrick and Tamika Fitzpatrick sought relief from defendants City of Cleveland and eight unnamed police officers, John Does (1-8) (hereinafter "the City"), in Cuyahoga County Court of Common pleas, for the City's alleged conduct in forcibly entering their residence. On 22 April 2010, the City timely removed this matter from Cuyahoga County Court of Common Pleas pursuant to this *Court's* federal question jurisdiction, 28 U.S.C. §§ 1331 & 1441. (Doc. 1, Defendants' Notice of Removal).

      The Fitzpatricks briefly recount the alleged incident in which several City police officers made a forced entry into their home while the plaintiffs, and several other individuals, were watching television. (Complaint, p. 2). In the raid, the City police discovered marijuana and two handguns. Id. The Fitzpatricks' Complaint contends the men were handcuffed, beaten, and taken to jail where they were released after 72

hours. Id. The Complaint further alleges the women present in the house, including Tamika Fitzpatrick, were verbally abused by the City police. Id. After he was released from jail, Mr. Fitzpatrick was treated for chest wall contusions at Lakewood Hospital. (Exhibit attached to Complaint). The Fitzpatricks were not charged with a criminal complaint.

The Fitzpatricks now seek compensatory and punitive damages for: (1) assault and battery; (2) false imprisonment; (3) violation of constitutional and civil rights; and, (4) intentional infliction of emotional distress. Citing this Court's federal question jurisdiction, the City has removed this matter upon the basis of the Fitzpatricks' third cause of action, which in its entirety alleges:

> **3. Violation of Constitutional and Civil Rights**: Plaintiff Pierre Fitzpatrick was arrested without having been informed of his Miranda Rights under the US Constitution.

(Doc. 1, Defendants' Notice of Removal; Complaint, p. 3).

For the reasons discussed below this Court will, *sua sponte*, dismiss the Fitzpatricks' third cause of action and remand the remaining claims to the Cuyahoga County Court of Common Pleas.

### Standard of Review

"Federal question" jurisdiction grants district courts "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A case "arises under" a federal law in "only those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or

that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." Franchise Tax Board v. Construction Laborors Vacation Trust, 463 U.S. 1, 28 (1983).

Removal jurisdiction raises significant federalism concerns and, as such, federal courts must strictly construe such jurisdiction. See Merrell Dow Pharm, Inc. v. Thompson, 478 U.S. 804, 808 (1986); Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 104 (1941). Accordingly, a federal court must resolve any doubt of its removal jurisdiction in favor of state court jurisdiction. Shamrock Oil, 313 U.S. at 108-109; Long v. Bando Mfg. of Am., Inc., 201 F.3d 754, 757 (6th Cir. 2000).

Pursuant to 28 U.S.C. § 1447(c), "... if at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." A Court is charged with the duty of continually reexamining its jurisdiction and must *sua sponte* remand cases it finds lacking subject matter jurisdiction. See Anusbigian v. Trugreen/Chemlawn, Inc. 72 F.3d 1253, 1254 (6th Cir. 1996). Because lack of jurisdiction would make any decree in the case void and the continuation of the litigation in federal court futile, the removal statute should be strictly construed and all doubts should be resolved in favor of remand. Abels v. State Farm Fire & Casualty Co., 770 F.2d 26, 29 (3rd Cir. 1985).

As to dismissal of a cause of action, Fed. R. Civ. P. 12(b)(6) provides for dismissal "for failure . . . to state a claim upon which relief can be granted." In assessing Rule 12(b)(6), the Court accepts a plaintiff's factual allegations as true, and asks whether, as a matter of law, the plaintiff is entitled to legal relief. Rippy v. Hattaway, 270 F.3d 416, 419 (6th Cir.2001). See also Bell Atlantic Corp. v. Twombley,

3

550 U.S. 544 (2007).

According to <u>Twombly</u>, in order to survive a Rule 12 inquiry into dismissal for failure to state a claim, "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." <u>Twombly</u>, 550 U.S. at 555; <u>see also Ashcroft v. Iqbal</u>, et al., --- U.S. ----, ----, 129 S.Ct. 1937, 1950 (2009); Fed.R.Civ.P. 12(b)(6).

The United States Supreme Court decision in <u>Iqbal</u> illuminated the "[t]wo working principles" upon which <u>Twombly</u> is grounded. <u>Iqbal</u>, 129 U.S. at 1949. First, "[a]lthough for the purposes of a motion to dismiss[, courts] must take all of the factual allegations in the complaint as true, courts 'are not bound to accept as true a legal conclusion couched as a factual allegation.' " <u>Iqbal</u>, 129 U.S. at 1949-50. "Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." <u>Iqbal</u>, 129 U.S. at 1950. As such, claims set forth in a complaint must be plausible, rather than conceivable. "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." <u>Id</u>.

### Law and Argument

In their third cause of action, the Fitzpatricks maintain that the City police violated Pierre Fitzpatrick's Fifth Amendment Due Process rights by failing to read him his <u>Miranda</u> warnings prior to his arrest. Even assuming the factual veracity of the

4

Fitzpatricks' claim, their allegation does not give rise to a cause of action which would subject the City police to liability in this matter.

The Constitution and laws of the United States do not guarantee Mr. Fitzpatrick the right to <u>Miranda</u> warnings. They only guarantee him the right to be free from self-incrimination. <u>Miranda</u> warnings are a procedural safeguard rather than a right explicitly stated in the Fifth Amendment. The remedy for a <u>Miranda</u> violation is the exclusion from evidence of any ensuing self-incriminating statements. The remedy does not subject a police officer, or other entity, to civil liability.

The jurisprudence on this matter is quite clear. The United States Supreme Court has observed that the failure to comply with <u>Miranda</u> does not, in and of itself, give rise to a constitutional claim, noting that the Fifth Amendment's protections may only be invoked to exclude at trial evidence taken during the interview. <u>See</u> <u>Chavez v. Martinez</u>, 538 U.S. 760 (2003). The Sixth Circuit recognizes that a civil claim for damages based upon an officer's failure to read a suspect his or her <u>Miranda</u> warnings is "squarely foreclosed" by the decision in <u>Chavez</u>. <u>See</u> <u>McKinley v. City of Mansfield</u>, 404 F.3d 418, 432 n. 13 (6th Cir. 2005).

Assuming the veracity of the Fitzpatricks' complaint, the Court, pursuant to the decision in <u>Iqbal</u>, 129 U.S. at 1950, determines the plaintiffs' third cause of action cannot plausibly give rise to an entitlement to relief. Accordingly, the Court will, *sua sponte*, dismiss the Fitzpatricks' third cause of action alleging "Violation of Constitutional and Civil Rights."

As this Court lacks the requisite jurisdiction to consider the Fitzpatricks' remaining state causes of action, this matter will be remanded to Cuyahoga County

Court of Common Pleas.

**Conclusion**

The Court dismisses the Fitzpatricks' third cause of action and remands the remaining claims to the Cuyahoga County Court of Common Pleas. The Clerk shall mail a certified copy of this order to the Clerk of the Cuyahoga County Court of Common Pleas, in accordance with 28 U.S.C. § 1447(c).

IT IS SO ORDERED.

*[signature]*
UNITED STATES DISTRICT JUDGE
4/27/2010